UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR JAY ON and BARBARA ON,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN VANNUCCI, M.D.; NORTH VALLEY DERMATOLOGY CENTER,<br><br>Defendants. | No. 2:14-cv-02714-TLN-CMK<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Omar Jay On ("Plaintiff On") and Barbara On's ("Plaintiff Barbara On") (collectively "Plaintiffs") objections to Defendants' Dr. Stephen Vannucci, M.D. ("Dr. Vannucci") and North Valley Dermatology Center's ("NVDC") (collectively "Defendants") motion to partially dismiss. (ECF Nos. 7 & 8, respectively.) Defendants also filed a reply. (ECF No. 9.) The Court has carefully considered the arguments raised in Defendants' motion and reply, as well as Plaintiffs' opposition. For the reasons set forth below, Defendants' partial motion to dismiss is GRANTED IN PART AND DENIED IN PART.

I.   **F**ACTUAL **B**ACKGROUND

Plaintiffs allege that Plaintiff On was employed as a Physician Assistant for Dr. Vannucci from January 1, 2007 to October 2010. (Complaint, ECF No. 1 at ¶¶ 7 and 11.) However, it appears from the record that Plaintiff On was actually employed by Stephen A. Vannucci, M.D.,

1

Inc. ('Dr. Vannucci, Inc.") from January 1, 2007 to October 2010 under the terms of an employment agreement ("Employment Agreement").[1] (Employment Agreement, Ex. A, ECF No. 1-1.) In October 2010, Dr. Vannucci, Inc. unilaterally transferred its obligations under the Employment Agreement to NVDC, a medical partnership created by Dr. Vannucci and others not individually named in the instant lawsuit. (ECF No. 1 at ¶ 11.) Plaintiff On continued his employment following the transfer to NVDC. (ECF No. 1 at ¶ 11.)

Plaintiff On alleges that, pursuant to this Employment Agreement, his pay was based on the number of patients he treated and the service he provided. In September of 2011, Plaintiff On noticed that his income declined despite treating more patients. (ECF No. 1 at ¶¶ 12–13.) Plaintiff On states that he made several requests to review the practice's financial records. (ECF No. 1 at ¶ 13.) On or about July 2013, Plaintiff On states he was forced to give notice of termination to NVDC because he was denied access to review his financial records. (ECF No. 1 at ¶¶ 7, 11 and 14.)

Plaintiffs allege that, around July 2013, they hired Dennis Diver, a certified forensic accountant, to determine why Plaintiff On's income had declined. (ECF No. 1 at ¶ 15.) Plaintiffs state that Mr. Diver then contacted NVDC's office manager/administrator, Ronnie Boongaling. (ECF No. 1 at ¶ 15.) Plaintiffs assert that when Mr. Boongaling received Mr. Diver's correspondence, he admitted to NVDC that he had been embezzling money. (ECF No. 1 at ¶ 15.) Plaintiffs allege they have made several requests for records that Defendants have failed to provide. (ECF No.1 at ¶ 24.) Plaintiffs believe that Mr. Boongaling and NVDC have willfully obstructed Plaintiff On's right to review his financial records in order to avoid criminal responsibility. (ECF No. 1 at ¶ 25.)

## II. PROCEDURAL BACKGROUND

Plaintiffs allege that in or around October 14, 2013, counsel for Plaintiffs sent correspondence to Defendant Vannucci by certified mail, requesting all documents related to Plaintiff On's employment pursuant to Labor Code § 226. (ECF No. 1 at ¶ 18.) Plaintiffs allege

---

[1] Plaintiffs did not name Dr. Vannucci, Inc. in the complaint, however, because many of Plaintiffs claims only apply to Dr. Vanncci, Inc. the Court will proceed under the assumption that Plaintiffs will amend their complaint to include that defendant.

2

1    that in or around December 11, 2013, Plaintiff On and Defendants entered into a stipulation,
2    where Defendants agreed to search for all records responsive to Plaintiffs' request. (ECF No. 1 at
3    ¶ 19.) Plaintiffs assert that the stipulation included a tolling agreement. (ECF No. 1 at ¶ 19.)
4    Plaintiffs attached copies of both documents to their complaint. (ECF Nos. 1-1, 1-2.) Plaintiffs
5    allege that they were never provided with the employment documents they requested. (ECF No.
6    1 at ¶ 19–20.)

7    In a separate action in December of 2013, Plaintiffs sued Plaintiff On's former employer
8    Dr. Vannucci, in Butte County Superior Court, demanding that, pursuant to California Labor
9    Code § 226, Dr. Vannucci produce all documents related to Plaintiff On's employment. (Butte
10   County Court Compl., Ex. 1, ECF No. 7-3 at ¶¶ 10–11.) Two months later, Plaintiffs filed a
11   second action against Dr. Vannucci in Butte County Superior Court for failing to indemnify
12   Plaintiff On's qualifying expenses under California Labor Code § 2802. (Butte County Court
13   Compl. for Declaratory Relief, Ex. 2, ECF No. 7-4 at ¶¶ 8–9.) In the second case, Dr. Vannucci
14   moved for a demurrer. The court found that because the expense deductions were not from
15   Plaintiff On's compensation, they fell outside of Labor Code § 2802 and dismissed Plaintiffs'
16   complaint without prejudice. (Mem. in Supp. of Defs.' Mot. to Dismiss, ECF No. 7-1 at ¶ 2.) Dr.
17   Vannucci then successfully moved to dismiss the first action on the grounds that the relief it
18   sought had either been provided by Defendant or denied by the court in the related action. (ECF
19   No. 7-1 at ¶ 2.)

20   In the instant action, Plaintiffs bring seventeen causes of action against Defendants. (ECF
21   No. 1.) Specifically, Plaintiffs allege Defendants violated the Employee Retirement Income
22   Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") for (1) failure to remit participant
23   contributions to the retirement plan; (2) statutory penalty for failure to remit employer
24   contributions to the retirement plan; (3) failure to provide account statements; (4) failure or
25   refusal to timely provide requested documents; (5) a prohibited transaction – self dealing; (6)
26   prohibited transactions – conflict of interest; and (7–8) breaches of fiduciary duty pursuant to
27   ERISA. (ECF No. 1 at ¶ 8.)

28   Plaintiffs further seek remedies for the following claims pursuant to California law: (9)

3

conversion under Cal. Civ. Code § 3336; (10) reimbursement for employee expenses pursuant to California Labor Code § 2802; (11) wages due pursuant to Labor Code §§ 510 and 1174; (12) inaccurate wage statements pursuant to Labor Code § 226; (13) failure to make payment within the time required penalties under California Labor Code § 203; (14) breach of contract; and (15) violation of the Unfair Competition Act pursuant to California Labor Code §§§ 2802, 510, and 1174.  (ECF No. 1 at ¶ 9.)  Further, Plaintiffs seek an (16) accounting and (17) declaratory relief pursuant to Fed. R. Civ. P. 57.  (ECF No. 1 at ¶ 9.)  Defendant filed a motion to dismiss all of Plaintiffs' California claims for relief, which are the ninth through seventeenth counts.  (ECF No. 7.)

### III. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim…is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the…laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims … across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *See*

*also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**IV.    ANALYSIS**

Defendants oppose Plaintiffs' claims for (9) Conversion under Cal. Civ. Code § 3336; (10) Reimbursement for employee expenses pursuant to California Labor Code § 2802; (11) Wages due pursuant to Labor Code §§ 510 and 1174; (12) Inaccurate wage statements pursuant to Labor Code § 226; (13) Failure to make payment within the time required penalties under California Labor Code § 203; (14) Breach of contract; and (15) Violation of the Unfair Competition Act pursuant to California Labor Code §§ 2802, 510, and 1174.  (ECF No. 7-1 at ¶ 3.) Further, Plaintiffs seek: (16) Accounting; and (17) Declaratory Relief pursuant to Fed. R. Civ. P. 57. (ECF No. 7-1 at ¶ 3.) Both parties have agreed to dismiss the following claims: (12) Inaccurate wage statements pursuant to Labor Code § 226; (14) Breach of contract; and (17) Declaratory Relief pursuant to Fed. R. Civ. P. 57. (ECF No. 7 & ECF No. 8 at 12.) Therefore, the Court does not address them.

A.    <u>Counts 9–11, 13–14 and 16:  Statute of Limitations</u>

Defendants contend Plaintiffs' claims 9–11, 13–14 and 16 are time-barred as to Dr. Vannucci because Plaintiff On's employment with Dr. Vannucci, Inc. terminated in October 2010, when his employment was transferred to NVDC.[2,3] Plaintiffs respond that the tolling agreement signed by the parties tolled the statute of limitations on December 11, 2013, and

---

[2] Plaintiffs did not name Dr. Vannucci, Inc. in their action, but the complaint indicates that Dr. Vannucci, Inc. was Plaintiff On's employer prior to NVDC taking over his employment contract. (ECF No. 1-1, Ex. A.) For the purposes of this analysis, the Court will assume that Plaintiffs intended to name Dr. Vannucci, Inc. However, if Plaintiffs intend to maintain Dr. Vannucci as an individual defendant in this case, Plaintiffs must provide a legal basis for doing so in their amended complaint.

[3] Defendants concede that Plaintiffs' claims (15) Violation of the Unfair Competition Act pursuant to California Labor Code §§ 2802, 510, and 1174 and (17) Declaratory Relief pursuant to Fed. R. Civ. P. 57 are not yet barred by the statute of limitations because they have four year statutory periods. (ECF No. 7-1 at ¶ 3.)

therefore the claims are timely. (Opp'n, ECF No. 8 at 4.)[4]

In the instant action, Plaintiffs' claims were filed on November 17, 2014. (ECF No. 1.) Plaintiffs do not allege specific dates for violations. Instead, Plaintiffs simply allege that violations occurred over the respective periods that Plaintiff On was employed by the Defendants. (ECF No. 1 at ¶ 3.) Plaintiff On alleges that he was employed by Dr. Vannucci from January 1, 2007, to sometime in October 2010. (ECF No. 1 at ¶ 3.) Subsequently, Plaintiff On's employment was transferred to NVDC where he was employed until sometime in July 2013. (ECF No. 1 at ¶ 3.)

Plaintiffs' first state court lawsuit was filed in Butte County superior court on December 9, 2013, against Dr. Vannucci. (ECF No. 7-3.) Plaintiffs sought a mandatory injunction requiring Dr. Vannucci to produce wage statements pursuant to Labor Code § 226. (ECF No. 7-3.) Plaintiff On's second state court lawsuit was filed in Butte County superior court on February 14, 2014, against Defendant Dr. Vannucci. (ECF No. 7-4.) Plaintiffs sought a judicial declaration that Defendant Dr. Vannucci was not permitted to deduct operating expenses from Plaintiff On's income; a judicial declaration that the parties' employment agreement requiring binding arbitration was void, for costs according to proof; and for any other proper relief. (ECF No. 7-4.) On December 18, 2013, both parties endorsed a tolling agreement. (ECF No. 1-1.) Neither party challenges its legitimacy nor that it applies in the instant case to Plaintiffs' claims against either Defendant.

Unless otherwise provided by a particular statute, the statute of limitations for an action for liability created by a statute is three years. Cal. Civ. Pro. Code § 338(a). None of the labor code sections under which Plaintiffs allege violations provide for a statute of limitations other than three years. Therefore, Plaintiffs' claims for (10) reimbursement for employee expenses pursuant to California Labor Code § 2802, (11) wages due pursuant to Labor Code §§ 510 and

---

[4] Plaintiffs also appear to argue that these claims are properly brought against Dr. Vannucci because he was the signatory of that tolling agreement. (ECF No. 8 at 4.) Plaintiffs appear to misunderstand the argument here. The facts indicate that Plaintiff On was first employed by Dr. Vannucci, Inc. and then employed by NVDC. While Dr. Vannucci himself may act as representative for either entity, Plaintiffs must establish grounds for its assertion that Dr. Vannucci may be sued *as an individual*. It does not appear that Defendants dispute Dr. Vannucci's authority as a signatory for NVDC.

1174, and (13) failure to make payment within the required time penalties under California Labor Code § 203, are all subject to a three year statute of limitations. Likewise, Plaintiffs' claim for (9) Conversion under Cal. Civ. Code § 3336 provides a three year statute of limitations. Cal. Civ. Pro. Code § 338(c)(1). Plaintiffs' claim (16) for an accounting is not considered a standalone claim under California law. *Rose v. J.P. Morgan Chase*, N.A., No. CIV. 2:12-225 WBS, 2012 WL 892282, at *5 (E.D. Cal. Mar. 14, 2012) (citing *Batt v. City & Cty. of San Francisco*, 155 Cal. App. 4th 65, 68 (2007)). The Court may instead attach this claim as prayer of relief to Plaintiffs' other viable claims. *See Rose*, 2012 WL 892282, at *5. Therefore, the Court finds that the statute of limitations for this claim is also three years.

The tolling agreement signed by the parties extends the statutes of limitations. The tolling agreement provides in a pertinent part that:

> The tolling period extends from the Effective Date of this Tolling Agreement [December 15, 2013] until the earlier of the following:
>
> I.   The filing of a complaint by Ojay On and/or Barbara On against Dr. Vannucci for any of the claims described in paragraph 5; or,
>
> II.  90 days from the Effective Date of this Tolling Agreement.

(ECF No. 1-1 at ¶ 6.) The tolling agreement limits its application to any claims that Plaintiff On may make concerning income owed by Dr. Vannucci. (ECF No. 1-1 at ¶ 5.) Neither of the parties contests the legitimacy of the tolling agreement nor do they contest its application in the instant case. Furthermore, it is within the power of the parties to enter into a tolling agreement to modify the statute of limitations applying to their claims. *Clinton v. Universal Music Grp.*, Inc., 376 F. App'x 780, 782 (9th Cir. 2010). Therefore, the Court finds the tolling agreement to be binding and it will extend the statute of limitations as specified within the agreement.

In order to interpret the agreement, the Court will consider the plain meaning contained within the agreement. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). "A written contract must be read as a whole and every part interpreted with

reference to the whole, with preference given to reasonable interpretations." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1135 (E.D. Cal. 2001). Here, neither party challenges the legitimacy of the tolling agreement nor that it applies in the instant case to claims against both Defendants. Therefore, the Court will apply the plain meaning of the contract.

The tolling agreement extends the statute of limitations for Plaintiffs' claims to the earlier of either Plaintiffs' filing a complaint against Dr. Vannucci for wages owed to Plaintiff On or ninety days. (ECF No. 1-1 at ¶ 6.) After the tolling agreement was signed by both parties on December 23, 2013, Plaintiffs filed their second suit against Dr. Vannucci on February 14, 2014.[5] (ECF No. 7-4.) In the second lawsuit, Plaintiffs sought a judicial declaration that Defendant Dr. Vannucci was not permitted to deduct operating expenses from Plaintiff On's income; a judicial declaration that the parties' employment agreement requiring binding arbitration was void, for costs according to proof; and any other proper relief. (ECF No. 7-4.) Consequently, these causes of action involved Plaintiff On making claims that he is owed income from Dr. Vannucci. (ECF No. 7-4.) The tolling agreement specifies that the tolling period expired when Plaintiff On made a claim that he was owed income from Dr. Vannucci. (ECF No. 1-1 at ¶ 6.) Therefore, when Plaintiff On filed the second state action against Dr. Vannucci, he effectively ended the tolling period allowed by the tolling agreement. From the effective date of the tolling agreement, December 15, 2013, until the date Plaintiff On filed the second suit, February 14, 2014, the tolling agreement lasted fifty-one days. (ECF Nos. 1-1 and 7-4.) Thus, the tolling agreement extends the statute of limitations fifty-one days for all of Plaintiffs' claims.

Plaintiffs appear to contend that the tolling agreement has tolled the statute of limitations from December 11, 2013, until the time Plaintiffs' filed the instant lawsuit.[6] (Decl. of Savage, ECF No. 8 at 4.) However, Plaintiffs fail to support this conclusion with any analysis or explanation. Even if Plaintiffs had not filed a law suit on February 14, 2014, the agreement clearly only allowed for a maximum of ninety days tolling. (ECF No. 8 at 4.) Therefore, there is

---

[5] Plaintiffs' first lawsuit does not affect the tolling agreement because it was already filed, December 9, 2013, before the tolling agreement was effectuated. (ECF No. 7-3.)

[6] Plaintiffs suggest the tolling agreement was signed on December 11, 2013; however, the signing date on the contract is December 23, 2013, and the effective date is listed as December 15, 2013. (ECF Nos. 8 at ¶ & 1-1, Ex. C at ¶ 9.)

no legal basis for this Court to conclude that the tolling agreement between the parties tolled these statutes until the filing of the instant action.

Plaintiffs' recovery against Defendants is limited to violations that occurred within the statutory limit. Recovery is not available for violations that occurred before the statutory period ended. *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2182 (2014). Dr. Vannucci, Inc. employed Plaintiff On from January 1, 2007 to October 2010. NVDC's employment of Plaintiff On began in October 2010, and ended in July 2013. (ECF No. 1 at ¶ 3.) The instant action was filed on November 17, 2014. (ECF No. 1.) Because the statute of limitations in this case is a three year statutory period in addition to fifty-one days of tolling, Plaintiffs will be able to assert claims for violations that occurred on September 27, 2011 forward.[7] Because Plaintiff On was not employed by Dr. Vannucci, Inc. at that time, any claims brought against Dr. Vannucci, Inc. would be dismissed. With respect to claims against NVDC, those claims are limited to violations occurring from September 27, 2011 forward. Therefore, these claims are limited in part.

### C. Count 11: Compensable Time

Defendants move to dismiss Plaintiffs' eleventh cause of action for wages due under Labor Code §§ 510 and 1174 on three grounds. (ECF No. 7-1 at 13.) First, Defendants argue that the cause of action, which seeks wages due from 1997 through 2013, is time-barred in part. (ECF No. 7 at 8.) Second, Defendants assert that the claim is factually deficient because Plaintiffs fail to allege that Plaintiff On was entitled to overtime pay. (ECF No. 7 at 14.) Third, Defendants allege that, even if Plaintiff On worked more than 40 hours per week, he was exempt from overtime compensation as a professional employee under Labor Code § 510(a). (ECF No. 7-1 at 14.) The Court has already concluded that Plaintiffs may only allege violations of Labor Code §§ 510 and 1174 from September 27, 2011, forward and has dismissed Count 11 insofar as it seeks recovery for violations prior to that date. *See, supra* Section IV.A. Therefore, the Court will only address Defendants' second and third argument.

First, Defendants argue that Plaintiffs did not plead sufficient facts to allege that Plaintiff

---

[7] Plaintiffs' claim for (15) Violation of the Unfair Competition Act pursuant to California Labor Code §§ 2802, 510, and 1174 allows for a four year statute of limitations period. Cal. Bus. & Prof. Code § 17208. Therefore, as to Count 15, Plaintiffs will be able to assert a claim for violations that occurred on September 27, 2010 forward.

On worked overtime thereby qualifying for compensation under Labor Code § 510. In support of thereof, Defendants contend that a plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours during that workweek." (ECF No. 7-1 at 14 (citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), as amended (Jan. 26, 2015)).) While the Court agrees that Plaintiffs' recounting of the facts is scant, the Court is also mindful that the Ninth Circuit has instructed that an approximation of overtime hours cannot be the "*sine qua non* of plausibility" for these claims because "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Landers*, 771 F.3d at 645. This factor is particularly applicable in this circumstance, where Plaintiffs have struggled to recover employment records. However, in an abundance of caution, and because Plaintiffs will need to submit an amended complaint on other grounds, the Court instructs Plaintiffs to amend their eleventh cause of action "to allege facts demonstrating there was at least one workweek in which [Plaintiff] worked in excess of forty hours and [was] not paid overtime wages." *Landers*, 771 F.3d at 646.

The Court will briefly address Defendants' third argument. Defendants argue that Plaintiff On is exempt from overtime wages because of his employment as a Physician Assistant. (ECF No. 7-1 at 14–15.) The burden is on the employer to plead and prove the necessary facts to establish an exemption. *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983). Defendants' instant argument is inappropriate on a motion to dismiss. The complaint must "give the defendant fair notice of what the claim…is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (internal quotations omitted). Here, Plaintiffs have alleged that Plaintiff On is a piece rate employee who is entitled to overtime wages. (ECF No. 1 at ¶¶ 97–101.) A further determination on the issue of exemption requires an analysis of Plaintiff On's wages, method of calculating compensation, and daily duties. Such an analysis is outside the bounds of a motion to dismiss.

        D.      <u>Count 13: Failure to Pay Wages</u>

Plaintiffs bring their thirteenth cause of action for penalties under Labor Code § 203. (ECF No. 1 at ¶¶ 112–113.) Defendants argue that this claim does not meet the pleading

11

requirements of Rule 12(b)(6).  (ECF No. 7-1 at 15.)  Defendants state that Plaintiffs have failed to meet the requirement under Labor Code § 203 that the employer's alleged inaccurate withholding of payment was wilfull or intentional.  (ECF No. 7-1 at 15.)  Defendants also allege Plaintiffs fail to explain how Labor Code §§ 201–202 apply to Plaintiff On and, assuming they did apply, Plaintiffs fail to explain the length of notice given to the employer, why wages were owed, and in what amount they were owed.  (ECF No. 7-1 at 15–16.)  The Court is in agreement with Defendants.

In their opposition, Plaintiffs state only that the thirteenth cause of action is derivative of their eleventh cause of action.  (ECF No. 8 at 7.)  This assertion is certainly not clear from the face of the complaint, neither is it sufficient to meet the requirements of Rule 12(b)(6).  The Court finds that Plaintiffs have failed to provide sufficient notice to Defendants as to why Labor Code §§ 201–202 apply to Plaintiffs and what general wage payments Plaintiffs believe Plaintiff On is owed.  Finally, both parties are in agreement that Labor Code § 203 requires an allegation that the employer acted willfully or intentionally.  (ECF No. 7-1 at 15 & ECF No. 8 at 7.)  Plaintiffs have made no such allegation.  Therefore, Plaintiffs thirteenth cause of action is dismissed with leave to amend.

### E.   Count 10: Unlawful Deductions

Plaintiffs bring their tenth cause of action under Labor Code § 2802 for reimbursement of certain business expenses.  (ECF No. 1 at §§ 92–96.)  Defendants argue that this claim should be dismissed because the Employment Agreement attached to Plaintiffs' complaint indicates that the contract provisions do not provide expenses warranting reimbursements or overhead deductions on wages.  (ECF No.7-1 at 16–18.)  Once again, Defendants miss the purpose of a motion to dismiss at this stage of litigation.  It is entirely possible that the terms of the Employment Agreement between the parties dictated the type of expenses Plaintiff On incurred.  It is also entirely possible that discovery will bear out that the Employment Agreement was followed to the letter and that Plaintiff On only incurred expenses consistent with the Employment Agreement and outside the scope of Labor Code § 2802.  However, these are not issues that can be addressed at this juncture.  *Swierkiewicz*, 534 U.S. at 512 (2002) ("This simplified notice pleading standard

relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). Plaintiffs have pled that Plaintiff On's income was reduced based on a formula which caused him to bear the costs of certain expenses that should not have been deducted from his wages under Labor Code § 2802. (ECF No. 1 at §§ 92–96.) The Court finds that Plaintiffs have alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Therefore, Defendants' motion as to this claim is denied.

### F.   Counts 9, 14–16: Arbitration

Finally, Defendants move to dismiss Plaintiffs' ninth and fourteenth through sixteenth claims because they are subject to arbitration. (ECF No. 7-1 at 19–20.) Defendants argue that the Employment Agreement signed between the parties requires that all state law claims be resolved in arbitration. (ECF No. 7-1 at 19.) Plaintiffs refer to Defendants' argument as a "passing mention" of arbitration. (ECF No. 8 at 10.) The Court tends to agree. Defendants dedicate one paragraph referencing an unsigned version of the Employment Agreement attached to Plaintiffs' complaint, which represents an agreement between Plaintiff On and Vannucci, Inc., an entity that is not named in the complaint and, following the entry of this Order, would have none of the referenced claims pending against it. Defendants then notify the Court in a footnote that they believe additional claims are subject to arbitration under the Federal Arbitration Act ("FAA"), but reserve the right to make that argument in a future motion because it would require additional evidence and they would like to know what claims will remain following the Court's determination on the other issues in the instant motion. (ECF No. 7-1 at 19, n. 12.)

Plaintiffs oppose arbitration, arguing that the contract is void under California law, that the contract is not assignable, and that Defendants have waived their right to arbitration. (ECF No. 8 at 10–11.) Plaintiffs' brief is as scant and vague as Defendant's aforementioned analysis on this point. For example, Plaintiffs' argument that Defendants have waived the right to arbitration is a single sentence, "Defendant has not petitioned for Arbitration." (ECF No. 8 at 10–11.) The Court could only deduce that Plaintiffs were referencing waiver by reading the single case they (inaccurately) cited in their brief. Defendants did not address the argument at all. (ECF No. 9 at

9–10.)

Given the poor quality of the briefing on this issue, along with Defendants' stated intention to file a second motion for arbitration once the motion to dismiss other claims on their merits is resolved, the Court declines to address Defendants' motion for arbitration of claims 9 and 14–16 at this time. Instead, the Court will provide Plaintiffs an opportunity to amend their complaint. If Plaintiffs choose to submit an amended complaint, Defendants are invited to file a complete and thorough motion addressing arbitration of the remaining claims under both state law and the FAA. The Court finds that it would be an inefficient use of judicial resources to address these issues at this time. Therefore, Defendants' motion for arbitration is denied.

## V.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Court finds as follows:

1. Counts 12, 14, and 17 are DISMISSED with leave to amend;
2. Counts 9–11, 13–14 and 16 are DISMISSED without leave to amend as to Defendant Dr. Vannucci and as to any violations occurring prior to September 27, 2011;
3. Count 11 is DISMISSED with leave to amend;
4. Count 13 is DISMISSED with leave to amend;
5. Defendants' motion to dismiss Count 10 is DENIED; and
6. Defendants' motion to refer Counts 9 and 14–16 to arbitration is DENIED.

IT IS SO ORDERED.

Dated: May 11, 2016

Troy L. Nunley
United States District Judge