UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR JAY ON and BARBARA ON,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN VANNUCCI, M.D., Inc., *et al.*,<br><br>Defendants. | No. 2:14-cv-02714-TLN-CMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN FAVOR OF COMPULSORY ARBITRATION** |

This matter is before the Court pursuant to Defendants Stephen Vannucci, M.D., Inc. ("SAVI") and North Valley Dermatology Center's ("NVDC") ("Defendants") Motion to Dismiss in Favor of Compulsory Arbitration. (ECF No. 23.) Plaintiffs Omar Jay On and Barbara On ("Plaintiffs") oppose this motion. (ECF No. 26.) Defendants filed a Reply. (ECF No. 27.) Having read and carefully considered the briefing filed by both parties, the Court hereby GRANTS Defendants' Motion to Dismiss in Favor of Compulsory Arbitration. (ECF No. 23.)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## I. FACTUAL BACKGROUND

Plaintiffs allege that Plaintiff Omar Jay On ("Plaintiff On") was employed as a Physician Assistant by SAVI from January 1, 2007 to October 2010. (ECF No. 17 ¶¶ 3, 7, 10.) Plaintiff On alleges that in October 2010, SAVI transferred its obligations to him under a written employment agreement to NVDC, a medical partnership created by former defendant Dr. Vannucci and others not individually named in the instant suit. (ECF No. 17 ¶ 11.) Plaintiff On alleges he continued his employment following the transfer to NVDC. (ECF No. 17 ¶ 11.)

Plaintiffs attached as Exhibit A, a copy of an employment agreement between Plaintiff On and SAVI ("Employment Agreement"). (Employment Agreement, Ex. A, ECF No. 17-1.) Plaintiff On alleges his pay was based on the number of patients he treated and the services he provided. (ECF No. 17 ¶ 12.) Plaintiff On alleges he noticed in September 2011 his income declined although he treated more patients. (ECF No. 17 ¶ 15.) Plaintiff On alleges he made several requests to review the practice's financial records. (ECF No. 17 ¶¶ 15–16.) Plaintiff On alleges around July 2013 he was forced to give notice of termination to NVDC because he was denied access to review financial records. (ECF No. 17 ¶¶ 17.)

Plaintiffs allege they hired Dennis Diver, a certified forensic accountant, in July 2013 to determine why Plaintiff On's income had declined. (ECF No. 17 ¶ 19.) Plaintiffs state Mr. Diver contacted NVDC "to obtain disclosure of financial records relating to Plaintiff's employment, earnings, and compensation." (ECF No. 17 ¶ 19.) Plaintiffs allege when NVDC received Mr. Driver's request, NVDC's office manager, Ronnie Boongaling "immediately" admitted to NVDC he had been embezzling money. (ECF No. 17 ¶ 19.) Plaintiffs allege they made several requests for financial records but Defendants failed to provide those records. (ECF No. 17 ¶ 22.)

Plaintiffs allege Plaintiff On filed a complaint against Dr. Vannucci in December 2013 in Butte County Superior Court seeking the employment records. (ECF No. 17 ¶ 23.) Plaintiffs allege Plaintiff On filed a complaint against Dr. Vannucci in February 2014 in Butte County Superior Court seeking declaratory relief that Dr. Vannucci may not deduct operating expenses from Plaintiff On's compensation and that the arbitration clause of the Employment Agreement was void and unenforceable. (ECF No. 17 ¶ 25.)

Plaintiffs then filed suit in this Court on November 17, 2014, naming Dr. Vannucci and NVDC as defendants. (ECF No. 1 at 1). Dr. Vannucci and NVDC filed a Motion to Partially Dismiss several of Plaintiffs' claims pursuant to Rule 12(b)(6) and an agreement for "binding arbitration." ("2015 Motion," ECF No. 7 at 1–2.) This Court dismissed several counts as to any violations occurring prior to September 27, 2011, without leave to amend, dismissed other counts with leave to amend, and denied dismissal of some counts. (ECF No. 15 at 14.)

Plaintiffs filed their First Amended Complaint ("FAC") on June 15, 2016, naming as defendants Dr. Vannucci, NVDC, and adding SAVI, and alleging 13 violations of California law and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). (ECF No. 17 at 1–2.) Plaintiffs voluntarily dismissed Dr. Vannucci from the suit. (ECF No. 19 at 1.) The remaining defendants, SAVI and NVDC, move to dismiss in favor of compulsory arbitration under 9 U.S.C. § 3. (ECF No. 23 at 1-2; ECF No. 25 at 1–2.) Plaintiffs oppose the motion and Defendants filed a reply. (ECF Nos. 26 & 27.)

## II. STANDARD OF LAW

"[T]he federal law of arbitrability under the Federal Arbitration Act ("FAA") governs the allocation of authority between courts and arbitrators." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985). As such, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 626 (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

Generally, in deciding whether a dispute is subject to an arbitration agreement, the Court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The Court's role "is limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991).

"In determining the existence of an agreement to arbitrate, the district court looks to 'general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration.'" *Botorff v. Amerco*, 2012 WL 6628952, at *3 (E.D. Cal. Dec. 19, 2012) (quoting *Wagner v. Stratton*, 83 F.3d 1046, 1049 (9th Cir. 1996)). An arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1746 (2011) (quoting *Doctor's Assocs. Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Therefore, courts may not apply traditional contractual defenses, such as unconscionability and duress, in a broader or more stringent manner to invalidate arbitration agreements and thereby undermine FAA's "principal purpose" to "ensure that private arbitration agreements are enforced according to their terms." *Id.* at 1748 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

However, the right to arbitration can be waived. *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (citing *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758–59 (9th Cir. 1988)). The "waiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." *Van Ness Townhouses*, 862 F.2d at 758 (internal quotations omitted). To prove waiver of the right to arbitrate, a party must show: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).

If the right to arbitration has not been waived and a court decides to compel arbitration, the court may stay or dismiss the action. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988). If the arbitration agreement encompasses all claims, dismissal is proper. *Horne v. Starbucks Corp*, 2017 WL 2813170, at *3 (E.D. Cal. June 29, 2017).

///

///

### III. ANALYSIS

Defendants argue "the parties agreed to binding arbitration of all disputes arising from [Plaintiff] On's employment, that all Plaintiffs' claims arise from his employment, and that the Federal Arbitration Act preempts contrary California law regarding various alleged Labor Code violations." (ECF No. 23 at 2.) Defendants argue the substantive prerequisites for arbitration, therefore, exist. (ECF No. 23-1 at 6.) Generally, in deciding whether a dispute is subject to an arbitration agreement, the Court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Plaintiffs do not disagree that the Employment Agreement[1] contained an arbitration provision that encompasses the issues in dispute between the parties in the instant case. Rather, Plaintiffs argue Defendants waived enforcement of arbitration because the parties litigated state court proceedings before Plaintiffs filed this suit and because the parties litigated this suit in this Court for years. (ECF No. 26 at 5.) Plaintiffs add that Defendants "took full advantage in this Court" by moving to dismiss and only sought to enforce the arbitration clause after the Court did not grant the 2015 Motion in full. (ECF No. 26 at 5.) Plaintiffs further argue Defendants' conduct of actively participating in this litigation waived any right to compel arbitration and prejudiced Plaintiffs by causing delay. (ECF No. 26 at 5.)

The right to arbitration can be waived. *Park Place Assocs., Ltd.*, 563 F.3d at 921 (citing *Van Ness Townhouses*, 862 F.2d at 758–59). The "waiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." *Van Ness Townhouses*, 862 F.2d at 758 (internal quotations omitted). To prove waiver of the right to arbitrate, a party must show all three elements from *Fisher*: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin*, 829 F.3d at 1124.

---

[1] Both parties refer to the unsigned Employment Agreement that Plaintiffs attached to their FAC, (ECF No. 17-1, Ex. A), as the relevant agreement and arbitration provision. A court may properly consider an exhibit attached to the complaint if its authenticity is not questioned. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

A. Defendant SAVI

Plaintiffs first added SAVI to this suit in Plaintiffs' FAC filed June 15, 2016. (ECF No. 17 at 1; *see also* ECF No. 1 at 1.) On August 3, 2016, Defendants filed their answer, asserting as their Ninth Affirmative Defense the Employment Agreement's "binding arbitration" clause. (ECF No. 21 ¶¶ 82–85.) On October 14, 2016, Defendants filed the instant motion to compel arbitration. (ECF No. 23 at 1–2.)

Plaintiffs argue Defendants are in default in arbitration and waived any right to compel arbitration by actively participating in the litigation. (ECF No. 26 at 11.) Plaintiffs, however, do not cite to any facts from the record to support their argument that either of the Defendants are "in default." (ECF No. 26 at 10–11.) Plaintiffs cite *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003) in which one of the parties subject to an arbitration provision was required to pay the cost of the arbitration, did not make payment, did not make alternate arrangements, did not give notice it would be unable to pay, and was found to be in default. *Id*. at 1199-1200. Plaintiffs do not explain how the citation applies to either defendant in this matter. Instead, Plaintiffs argue Defendants are in default because they have waived the right to compel arbitration and they have waived the right to compel arbitration because they are in default. (ECF No. 26 at 11.)

Plaintiffs also argue Defendants waived their right to compel arbitration because Defendants' actions were inconsistent with that right, the second *Fisher* element. (ECF No. 26 at 12.) Plaintiffs state Defendants' "three-year delay in compelling arbitration clearly indicates a conscious decision to seek judgment on the merits of arbitrable claims." (ECF No. 26 at 12.) Plaintiffs add, "[s]eeking a decision *on the merits* of the case," such as filing a motion to dismiss pursuant to Rule 12(b)(6), "has been repeatedly found to satisfy this element." (ECF No. 26 at 13) (citing *Martin*, 829 F.3d at 1126, in which the defendants sought judgment on the merits, stated they did not plan to compel arbitration for strategic reasons, then asserted arbitration).

Here, SAVI was brought into this case in Plaintiffs' FAC, after the Court ruled on the 2015 Motion brought by Dr. Vannucci and NVDC. SAVI filed only an answer asserting "binding arbitration" as an affirmative defense and the motion to compel arbitration—within four months of being added to the suit. Plaintiffs have not shown SAVI's actions were inconsistent.

6

1    Plaintiffs argue they have been prejudiced by having to oppose the 2015 Motion and meet

2    and confer with opposing counsel, the third element from *Fisher*.  (ECF No. 26 at 15–16.)

3    NVDC and Dr. Vannucci filed the 2015 Motion after Plaintiffs filed their original complaint but

4    before Plaintiffs filed their FAC adding SAVI to the suit.  Any expense Plaintiffs incurred in

5    relation to the 2015 Motion occurred before SAVI was a party.

6    Plaintiffs cannot satisfy the second or third elements from *Fisher* in relation to SAVI.

7    *Martin*, 829 F.3d at 1124 ("(2) acts inconsistent with that existing right; and (3) prejudice to the

8    party opposing arbitration resulting from such inconsistent acts").  SAVI did not file the 2015

9    Motion and did not engage in actions inconsistent with a right to compel arbitration.  Plaintiffs

10   have not shown they were prejudiced by the four month period between the date Plaintiffs filed

11   their FAC adding SAVI to this case and the date Defendants filed their motion to compel.

12          B.  <u>Defendant NVDC</u>

13   Plaintiffs argue NVDC has waived its right to compel arbitration because its "three-year

14   delay in compelling arbitration" and its filing of a 12(b)(6) motion indicate "a conscious decision

15   to seek judicial judgment on the merits of arbitrable claims…[and] is inconsistent with an intent

16   to arbitrate those claims."  (ECF No. 26 at 12.)

17                   i.  *Plaintiffs have not shown NVDC delayed its right to compel*

18                      *arbitration for three years.*

19   Plaintiffs appear to refer to state court litigation, which they allege began "nearly three

20   years ago," when they describe Defendants' "three-year delay in compelling arbitration."  (ECF

21   No. 26 at 12.)  In doing so, Plaintiffs conflate remaining and former defendants in this matter.

22   Neither SAVI nor NVDC were parties in those state court cases.  (ECF No. 26 at 12.)  Former

23   defendant Dr. Vannucci, who is no longer a party to this suit, was the only defendant in those

24   state court cases.  (ECF No. 26 at 12.)  Plaintiffs both acknowledge and airily dismiss this point.

25   (ECF No. 26 at 12 n.9) ("The fact that Dr. Vannucci, as an individual, was the sole defendant in

26   the prior state court claims is of no moment. He was represented by the same law firm that

27   represents defendants in the present federal court action, and the arbitration clause defendants are

28   asserting in this case is the same clause he acknowledged through his attorneys in the state court

claims."). Plaintiffs cite no authority for the proposition that the period when Defendants could have moved to compel arbitration begins when Plaintiffs filed suits in a state court against a defendant who is not a party to this action. The fact that Defendants in this matter employ the same attorneys as the defendant in the state court actions doesn't help Plaintiffs' argument.

Further, the arbitration issue was raised prior to the instant motion. On February 3, 2015, Dr. Vannucci and NVDC filed their Motion to Partially Dismiss some claims pursuant to Rule 12(b)(6) and to dismiss claims 9, 14, 15, and 16 in favor of arbitration. (ECF No. 7-1 at 1, 19.) In that motion, Dr. Vannucci and NVDC also stated they intended to assert enforceability of other claims under the Federal Arbitration Act ("FAA") once NVDC had gathered the required evidence of the impact of its business on interstate commerce. (ECF No. 7-1 at 19 n.12.) This Court declined to address the issue at that time. (ECF No. 15 at 14.) Instead, the Court gave Plaintiffs leave to amend a number of claims in their complaint, and "invited" NVDC and Dr. Vannucci to file a "motion addressing arbitration of the remaining claims under both state law and the FAA." (ECF No. 15 at 14.) The parties then did just that. (ECF Nos. 17, 19, 21, & 23.)

      *ii.*  *Plaintiffs have not shown NVDC's acts were inconsistent with any right to arbitrate.*

Plaintiffs argue NVDC's act of filing a 12(b)(6)motion is inconsistent with its right to compel arbitration and NVDC has, therefore, waived that right. (ECF No. 26 at 12–15.) "There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin*, 829 F.3d at 1125. The element is satisfied, however, "when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." *Id.* "[E]xtended silence and delay in moving for arbitration may indicate a 'conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims,' which would be inconsistent with a right to arbitrate." *Id.* A court must assess "the totality" of a party's actions. *Id.* at 1126. Waiver is disfavored "because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." *Van Ness Townhouses*, 862 F.2d at 758. There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985).

8

Plaintiffs argue Defendants sought judgment on the merits in federal court before deciding whether court or arbitration would be advantageous. (ECF No. 26 at 14.) Defendants, however, did not move for judgment on the merits on the majority of claims in Plaintiffs' FAC. Plaintiffs FAC contains 13 claims, five of which are brought pursuant to ERISA and eight of which are brought pursuant to California state laws. (ECF No 17 at 1–2.) Plaintiffs' five ERISA claims were not subjects of the 2015 Motion, as neither NVDC nor Dr. Vannucci moved for dismissal of Plaintiffs' ERISA claims in the 2015 Motion. (ECF No. 7 at 2.)

The remaining eight claims in the FAC are state law claims. (ECF No. 17 at 1–2.) Three of those claims were not in Plaintiffs' original complaint but were added in the FAC and therefore were not subjects of the 2015 Motion. Plaintiffs added in their FAC claim 10 for improper wage deduction under California Labor Code §§ 221-223, claim 11 for failure to provide meal periods, and claim 12 for failure to provide rest periods. (ECF No. 1 at 1–2; ECF No. 17 at 1–2.) Two other claims in the FAC were among the claims NVDC and Dr. Vannucci asked the Court to dismiss in favor of arbitration in the 2015 Motion, in addition to arguing that those claims failed to state a claim: claim six for conversion and claim 13 for violation of unfair competition. (ECF No. 1 at 1–2; ECF No. 7-1 at 2, 19.)

The cases Plaintiffs cite do not support their position that NVDC's actions were inconsistent with its right to arbitrate. In *Van Ness Townhouses*, the Ninth Circuit found the defendant waived arbitration where "[a]lthough [the defendant] answered the complaints and amended complaints, and moved to dismiss the action, it did not raise the issue of arbitration in any of its pleadings." *Van Ness Townhouses*, 862 F.2d at 756, 758–59. The court in *Van Ness* even issued a pre-trial order for the trial scheduled to begin just a few months later. *Id*.

In contrast, NVDC raised arbitration in each of its filings. NVDC moved for dismissal of some claims in favor of binding arbitration in the 2015 Motion and stated in that motion it would assert its right to arbitrate other claims once it could evaluate evidence required for that motion. (ECF No. 7-1 at 19–20, n.12.) NVDC asserted binding arbitration as an affirmative defense in its answer to Plaintiffs' FAC. (ECF No. 21 ¶¶ 82–85.) NVDC then moved to compel arbitration after the Court declined to address the issue when deciding the 2015 Motion and gave Plaintiffs

9

leave to file their FAC and Defendants the opportunity to respond to the FAC. (ECF No. 15 at 14; ECF No. 21 ¶¶ 82–85; ECF No. 23 at 1–2.) Plaintiffs have not shown NVDC delayed or attempted to benefit from judicial rulings before deciding to arbitrate.

*Kelly v. Pub. Util. Dist. No. 2*, 552 Fed App'x 663 (9th Cir. 2014), is also distinguishable. Both defendants in *Kelly* actively litigated the case for eleven months before moving to compel arbitration, including conducting discovery and litigating multiple motions that included both a motion to dismiss and a preliminary injunction. *Id*. at 664. Here, NVDC moved for a stay of discovery pending the Court's decision on its motion to compel arbitration. (ECF No. 29 at 1–2.) *See Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1067–68 (C.D. Cal. 2011) (finding the defendant's acts had been inconsistent when, among other things, the defendant participated in discovery that would not have been available under the arbitration agreement). NVDC did not attempt to benefit from discovery prior to filing its motion.

The defendants in *Martin* "spent seventeen months litigating the case," "devot[ed] 'considerable time and effort' to a joint stipulation structuring the litigation, fil[ed] a motion to dismiss on a key merits issue, [and] enter[ed] into a protective order." *Martin*, 829 F.3d at 1126. The *Martin* court noted the parties had expended resources propounding and "answering discovery, and preparing for and conducting a deposition." *Id*. The court added that the "defendants did not even note their right to arbitration until almost a year into the litigation and did not move to enforce that right until well after that time." *Id*. In fact, when the district judge warned the defendants about the waiver issue, the defendants' counsel explained they had taken a strategic decision they were "probably better off just being here in the court with the procedures of Rule 23 and discovery and federal practice than handling it in arbitration." *Id*. at 1122, 1126. Plaintiffs have not shown NVDC delayed asserting its right to compel arbitration.

### iii. *Plaintiffs have not shown they have been prejudiced.*

Plaintiffs argue they have been prejudiced by opposing the 2015 Motion and filing an amended complaint. (ECF No. 26 at 16.) To establish prejudice, the plaintiffs must show the defendants' delay caused the plaintiffs "to incur costs they would not otherwise have incurred," to "re-litigate an issue on the merits on which they have already prevailed in court," or "the

10

defendants have received an advantage from litigating in federal court that they would not have received in arbitration." *Martin*, 829 F.3d at 1126–27 (citing *Richards v. Ernst and Young*, 744 F.3d 1072, 1075 (9th Cir. 2015), noting a plaintiff can show prejudice if the opposing party "gained information about the other side's cases that could not have been gained in arbitration").

In *Martin,* the court found "dispositive" the fact that the plaintiffs had litigated and prevailed on an important point at the district court level. *Martin*, 829 F.3d at 1128. The district court found the California legislature could have included in the Cosmetology Act a class of persons in a category of individuals who may practice cosmetology without being paid but chose not to do so. *Id.* at 1121. The district court held that the Cosmetology Act, therefore, did not preclude the plaintiffs' arguments that the students were employees under state wage laws and the parties could proceed. *Id*. The Ninth Circuit found the plaintiffs would be prejudiced if they had to re-litigate "a key legal issue on which the district court [had] ruled in their favor." *Id*. at 1128. Here, Plaintiffs do not argue that they have prevailed on any issue. Rather, Plaintiffs argue they have been prejudiced by having to oppose the 2015 Motion and by having to file an amended complaint.

As noted, NVDC did not challenge on the merits eight of the 13 claims in Plaintiffs' FAC. Further, in the 2015 Motion NVDC challenged two additional claims on both the grounds that they were subject to binding arbitration on the merits, and it asserted its right to compel arbitration in relation to the remaining three claims once it gathered the required evidence related to interstate commerce. (ECF No. 7-1 at 19, n.12.) In the interim, Defendants moved to stay discovery. (ECF No. 29.) Plaintiffs have not shown Defendants received an advantage from litigating in federal court. Nor have Plaintiffs shown they incurred additional costs as NVDC has not moved for judgment on the majority of Plaintiffs' remaining claims; NVDC moved to dismiss in favor of binding arbitration or asserted its right to do so in the earliest filing as to each of Plaintiffs' remaining claims. *Cf. Martin*, 829 F.3d at 1128 (finding the plaintiffs were prejudiced where the defendants did not note their right to arbitration until one year into litigation and told the district judge and opposing counsel that defendants were probably "better off" in court).

///

C. <u>Dismissal is appropriate.</u>

Plaintiffs ask that if the Court grants Defendants' motion, the Court stay this matter rather than dismiss the case. (ECF No. 26 at 16-17.) Defendants oppose a stay. (ECF No. 27 at 11.) If a court "determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration." *Delgadillo v. James McKaone Enters., Inc.*, 2012 WL 4027019, at *3 (E.D. Cal., Sept. 12, 2012). Each of plaintiff's claims are encompassed by the arbitration agreement between the parties. The Court finds no reason for a stay rather than dismissal. Accordingly, the Court will dismiss this matter rather than stay the case pending arbitration. *Horne*, 2017 WL 2813170 at *3 (E.D. Cal. June 29, 2017) (finding dismissal is proper if the arbitration agreement encompasses all claims).

**V.　CONCLUSION**

Accordingly, the Court hereby GRANTS Defendant's Motion to Dismiss in Favor of Compulsory Arbitration (ECF No. 23). The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: January 18, 2018

Troy L. Nunley
United States District Judge